AIONO MAGALEI S.,
Applicant

v.

SIUFANUA AITU, UILIATA MOEA'I,
TAUIVI M. TUINEI, MAEA UAINA,
TIPENI GAGAU, TUIAANA MOI,
Objectors

No. 613-1968

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Land: "Mataolo"]

March 20, 1973

This matter came on regularly for hearing before the HONORABLE LESLIE N. JOCHIMSEN, *Associate Justice,* presiding; A. P. LUTALI, *Associate Judge;* and APE POUTOA, *Associate Judge.*

The Claimant herein has offered for registration a parcel of land known as Mataolo to register as the communal land of the Aiono S. Magalei family.

The application to register the land must be denied for two reasons.

■ First, the evidence offered by the Claimant as to the ownership of this land points to a conclusion that if the Magalei family does, in fact, have the superior claim it would be lands of the entire Magalei family and not just of' the Aiono S. Magalei family.

Assuming without deciding that the Magalei family has some rights then this registration offer must be denied because it seeks to register the land as Aiono S. Magalei family land.

■ Second, the Court wishes to again point out that for party to prevail in a registration case they must establish by a preponderance of the credible evidence that they have used and cultivated all parts of the offered land. It is unnecessary for the Court to consider and decide each objection for the reason that the Court does not find and determine the respective rights of each Objector and the Claimant. That question is not before the Court. If the registration is denied, it is sufficient for the Court to consider an objection which leads the Court to the denial.

In the instant case the Court finds that the Claimant failed to establish by a preponderance of the evidence that she had a clear claim to that part of the land used and claimed by the Moea'i family which consists of roughly one-half acre in the northern central part of the offered tract. It

is unnecessary to determine just how the Moea'i family came to the land. They assert they cleared it from virgin bush, but even if they did not, they have admittedly lived on the land since 1941 and 1942 and the Claimant testified that they just moved in without getting any permission and that they still are there.

In view of these facts it raises a very serious question of adverse possession, and although the Court makes no finding that the Moea'i family has acquired title by adverse possession it does find that this circumstance clouds the Claimant's claim of title to such an extent that registration must be denied.

In view of this finding it is unnecessary to discuss any of the other objections, claims and counter claims.

IT IS THEREFORE ORDERED AND ADJUDGED that the offer of registration be and the same is hereby denied.